NEW YORK COUNTY—HON. D. G. ROLLINS, SURRO-GATE.—April, 1884.

## GRUBB v. HAMILTON.

*In the matter of the estate of* PHILIP L. VAN RENSSE-LAER, *deceased.*

An application for the revocation of letters testamentary, based upon an allegation couched in the words of the statute (Code Civ. Pro., § 2685, subd. 5), viz.: that respondent's "circumstances are such that they do not afford adequate security. . . . . for the due administration of the estate," unaccompanied with any more specific statement, and which is denied in the answer, should be dismissed.

*It seems*, that, even in the absence of a denial by the answer, such a petition is too vague to justify a grant of the relief sought.

The bare fact that the estate of one nominated executor is of less value than that of the testator being insufficient cause for withholding letters, is *a fortiori* inadequate as a ground for retracting letters already granted.

Martin v. Duke, 5 *Redf.*, 600—followed.

How far a Surrogate's court can control the discretion, as to payment of a legacy, conferred upon the executors by a will which directs it to be paid by the latter "when it shall be convenient for them, without regard to the time fixed by law," and further provides: "this legacy shall be deemed subservient to all others," *quære.*

APPLICATION by Elizabeth V. R. Grubb, a legatee under testator's will, for the revocation of letters issued

thereunder to E. Luther Hamilton, and for other relief. The facts appear sufficiently in the opinion.

BRACKEN & ACKLEY, *for petitioner.*

GEO. W. LYON, *for executor.*

THE SURROGATE.—The will of this decedent contains the following provision : " I give to my sister Elizabeth the sum of ten thousand dollars, to be paid by my executors when it shall be convenient for them, without regard to the time fixed by law, out of the moneys derived from the sale of the Van Schaick farm left me by my brother Cortlandt, or otherwise if it shall seem best to them. It is further my will that this legacy shall be deemed subservient to all others." This instrument was admitted to probate June 6th, 1873, soon after decedent's death. The legacy of the petitioner has not yet been paid, in whole or in part. She now asks that the respondent executor be directed to discharge the same at once, and that his letters testamentary be revoked.

The Surrogate's authority to revoke letters is limited to the causes specified in § 2685 of the Code of Civil Procedure.

One of those causes is thus defined in subdivision 5 of that section—" where his (the executor's) circumstances are such that they do not afford adequate security to the creditors or persons interested for the due administration of the estate."

I adhere to the views which I expressed in Martin v. Duke (*5 Redf.*, *600*), as to the proper construction of this provision.

The bare fact that the estate of one named in a will as an executor is of less value than the estate of his

testator is surely insufficient cause for *withholding* letters. How, then, can it be of itself sufficient cause for *retracting* them, when once they have been issued?

There is an allegation in this petition that the circumstances of the respondent "are such that they do not afford adequate security for the due administration of the estate." This allegation, unaccompanied as it is by any more specific statement, I should regard as too vague and general to justify granting the relief which the petitioner asks, even if such allegation were not expressly denied, as it is expressly denied by the answer.

I find no other allegation in the petition which brings this case within the purview of § 2685. The application for the executor's removal must therefore be denied.

The petitioner's prayer for the payment of her legacy cannot at present be granted. How far the very broad discretion which the will gives to the executor in respect to this legacy can be controlled by the Surrogate is a question which need not now be determined. I should feel disposed to adopt the suggestion of petitioner's counsel, and direct a reference for inquiring into the condition of the estate, the causes which have delayed the discharge of the legacy in question, etc., but for the fact that those matters will receive early consideration in the accounting proceeding now pending.

Petition dismissed.